IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| KATY ELAINE, INC. | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO.: 5:23-cv-01440 |
| S.I.T., INC. d/b/a SARA'S PRINTS, | § § § | |
| Defendant. | § § | |

## ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Katy Elaine, Inc. ("Katy Elaine") files this Original Complaint for Declaratory Judgment against Defendant S.I.T., Inc. d/b/a Sara's Prints ("SIT"), and respectfully states as follows:

### I. NATURE OF ACTION

1. This is an action under the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.* for declaratory judgment arising under the Lanham Act (15 U.S.C. § 1051 *et seq.*). By this action, Katy Elaine seeks a declaration that it has not infringed upon the claimed trademark rights of SIT, as set forth herein.

### II. THE PARTIES

2. Plaintiff Katy Elaine, Inc. is a corporation organized and existing under the laws of the State of Texas with its principal place of business in Boerne, Texas.

3. Defendant S.I.T., Inc. d/b/a Sara's Prints is a corporation organized and existing under the laws of the State of California with a principal place of business at 2125 Williams Street, San Leandro, California 94577. Defendant S.I.T., Inc. d/b/a Sara's Prints may be served at

its principal place of business or through its registered agent, California Corporate Agents, Inc., Attn: Chris Johnson, at 2108 N. Street Suite C, Sacramento, California.

### III. JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction over this dispute, which arises under the Lanham Act, pursuant to 28 U.S.C. §§ 1331 and 1338 and pursuant to the Declaratory Judgment Act (28 U.S.C. § 2201 *et seq.*).  This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a) & (b), and 2201, and 15 U.S.C. § 1121.

5.     Venue is proper in this District and the San Antonio Division pursuant to 28 U.S.C. § 1391 because, upon information and belief, SIT conducts business in this judicial district, and because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

### IV. FACTUAL BACKGROUND

**A.     Plaintiff Katy Elaine**

6.     Katy Elaine is a Boerne-based direct-to-consumer e-commerce company specializing in children's apparel and personalized accessories. The company is better known to the public by its brand CADEN LANE®.

7.     Katy Elaine was founded by Katy Mimari in 2005, while she was pregnant with her first child, with the vision of bringing clothing that had personalized style, design, and color to what many parents would say is the biggest day their life, the birth of their child.

8.     Since its founding, Katy Elaine has rapidly expanded in both size and scope, seeking to bring personalized style, design, and color to a wide range of products for newborns, infants, and their families. Today, Katy Elaine offers apparel, swaddles, blankets, nursery

bedding, silicone products, bath towels, hair accessories, and personalized products for mom and baby to customers across the United States and internationally.

9. Katy Elaine began developing a new collection of colorable products to be launched in or about 2023. As part of that process, Katy Elaine hired a company to conduct a trademark search the check the availability of the name COLOR ME for clothing items and book bags type items. The searching company found several uses of COLOR ME or variations thereof but no conflicting third-party federal trademark applications or federal trademark registrations using the mark COLOR ME PAJAMAS for clothing and book bag type products. The searching company recommended filing an application using COLOR ME PAJAMAS.

10. On June 12, 2023, Katy Elaine agreed with the recommendation and instructed the searching company to file a federal trademark application for the mark COLOR ME PAJAMAS (PAJAMAS disclaimed) for various clothing goods in Class 25, which is pending as App. Ser. No. 98038773 with the U.S. Patent and Trademark Office. A copy of Katy Elaine's application is attached as **Exhibit A.**

11. In or about 2023, Katy Elaine launched its new collection of colorable products under the mark COLOR ME ("Katy Elaine's Mark"). The colorable products offered under Katy Elaine's Mark include children's clothing, tote bags, whiteboards, and pillowcases, all available at https://cadenlane.com/collections/colorable-bamboo-pajamas-for-kids.

12. Katy Elaine sells its products, including the colorable products under Katy Elaine's Mark, to customers exclusively either through its online retail store at cadenlane.com or at the NURSERY COUTURE® brick-and-mortar store located on North Loop 1604 in San Antonio.

B.  **Defendant SIT**

13. Upon information and belief, SIT operates a clothing company in San Leandro, California.

14. SIT has asserted ownership the marks COLORME and COLORME PJS ("SIT Marks") used on or in connection with at least children's and infant's clothing and markers.

15. SIT filed the following trademark applications with the U.S. Patent and Trademark Office for the SIT Marks:

- App. Ser. No. 98213692 for the mark COLORME for various container goods in Class 18;
- App. Ser. No. 98213688 for the mark COLORME for various clothing goods in Class 25;
- App. Ser. No. 98213673 for the mark ColorMe Pjs (PJS disclaimed) for various clothing goods in Class 25; and
- App. Ser. No. 98213667 for the mark COLORME PJS (PJS disclaimed) for various clothing goods in Class 25

(collectively, the "SIT Applications"). A copy of the SIT Applications are attached as **Exhibits B – E.**

16. The SIT Applications were filed October 7, 2023, months after Katy Elaine filed its App. Ser. No. 98038773.

17. SIT's App. Ser. No. 98213692 was filed under Section 1(b) of the Lanham Act as an intent-to-use application.

18. SIT's App. Ser. Nos. 98213688, 98213673, and 98213667 were filed under Section 1(a) of the Lanham Act and allege first use and first use in commerce at least as early as January 31, 2018.

19. Upon information and belief, SIT sells products under the SIT Marks to customers exclusively either through its online retail store at sarasprints.com or at online at Nordstrom.com.

20. Upon information and belief, if any product is sold through Nordstrom.com the product is "shipped by Sara's Prints" which means Nordstroms does not inventory the product. It is considered a drop ship time direct from the vendor.

21. SIT's online retail store at sarasprints.com shows only seven putative customer reviews for the clothing SIT allegedly sells under the SIT Marks.

22. The website Nordstrom.com shows no customer reviews for the clothing SIT allegedly sells under the SIT Marks. The clothing is displayed on Nordstrom.com as "Sara's Prints Kids' Color Me Two-Piece Fitted Pajamas with 6-Piece Marker Set."

23. Upon information and belief, SIT sells only *de minimis* quantities of products under the SIT Marks.

24. Upon information and belief, SIT has sold one or more products under the SIT Marks to one or more customers in this judicial district.

C. **SIT's Cease and Desist Letter and Threats to Katy Elaine**

25. In a letter dated October 30, 2023, SIT accused Katy Elaine of making "infringing use of a name functionally identical and confusingly similar" to the alleged SIT Marks, asserting that Katy Elaine's "use of [Katy Elaine's] Mark constitutes trademark infringement."

26. The letter demands, among other things, that Katy Elaine:

- "cease and desist use of any and all iterations of the Mark "ColorMe", or anything confusingly similar, in all commercial activities and on all websites, social media …";

- "cease and desist sales of all goods bearing the 'ColorMe' or confusingly similar mark, wheresoever such sales are made … ";

- "proactively abandon any and all applications for . . . trademark or other intellectual property rights related to the 'ColorMe' brand . . . including but not necessarily limited to the USPTO trademark application, Ser. No. 98038773";

- "deliver all infringing products and advertising materials (including those recalled) to S.I.T., Inc. for destruction";

- "provide a public notice for one (1) year, prominently displayed on the Caden Lane website and "ColorMe" product line page stating that the "ColorMe" trademark is owned by S.I.T., Inc.";

- disgorge "one hundred percent (100%)" of Katy Elaine's profits from use of Katy Elaine's Mark; and

- identify "each and every supplier and manufacturer of the infringing goods."

27. A copy of the October 30, 2023, letter is attached as **Exhibit F.**

28. In further correspondence dated November 7, 2023, SIT's counsel threatened Katy Elaine with litigation if Katy Elaine does not accede to SIT's demands.

29. A copy of the email correspondence dated November 7, 2023, is attached as **Exhibit G.**

30. A dispute currently exists between the parties relative to their respective marks and their uses thereof, and with respect to SIT's litigation threats and its demand that Katy Elaine cease and desist using Katy Elaine's Mark.

31. By virtue of the foregoing, Katy Elaine is compelled to seek a declaration from this Court that Katy Elaine's Mark does not infringe any of the alleged SIT Marks.

**CLAIM I: DECLARATION OF NON-INFRINGEMENT**

32. All preceding paragraphs are incorporated herein as if set forth in full.

33. An actual and immediate controversy has arisen and now exists between Katy Elaine and SIT concerning whether Katy Elaine has infringed and is infringing the alleged SIT Marks.

34. SIT has claimed that it has protectable trademark rights in the SIT Marks.

35. Katy Elaine has advertised, marketed, offered for sale, and sold products under Katy Elaine's Mark.

36. SIT has asserted that Katy Elaine's Mark infringes the SIT Marks and threatened to sue Katy Elaine for infringement. These acts and others have created reasonable apprehension on the part of Katy Elaine that SIT will bring an action against Katy Elaine for trademark infringement.

37. There is no likelihood of confusion, and the usage of Katy Elaine's Mark does not infringe upon any valid trademark rights of SIT.

38. There is no likelihood of confusion because SIT lacks enforceable trademark rights in connection with the SIT Marks due to *de minimis* sales.

39. There is no likelihood of confusion because the parties' respective products under their respective marks are offered through wholly different and separate channels of trade.

40. There is no likelihood of confusion because the parties' respective products under their respective marks are offered through wholly different and separate geographic areas territories.

41. There is no likelihood of confusion because the source of each party's respective products under its respective mark(s) is identified to potential and actual customers.

42. Katy Elaine desires a judicial determination of the parties' rights and duties with respect to the putative trademark rights asserted by SIT.

43. Katy Elaine seeks declaratory relief pursuant to 28 U.S.C. §2201 and Federal Rule of Civil Procedure 57, confirming that its use of Katy Elaine's Mark does not infringe upon any valid trademark rights of SIT.

44. A judicial declaration is necessary and appropriate at this time so that the parties may proceed in accordance with their respective rights as determined by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Katy Elaine, Inc. prays for a judgment against S.I.T., Inc. d/b/a Sara's Prints as follows:

a. For judgment declaring that Katy Elaine's Mark does not create a likelihood of confusion with and does not infringe the putative SIT Marks, that Katy Elaine is entitled to continue using Katy Elaine's Mark throughout the United States and internationally, and that SIT has not sustained any damages as a result of Katy Elaine's use of Katy Elaine's Mark;

b. For an award of costs, expenses and reasonable attorneys' fees to the extent permitted by law; and

c. For such other and further relief as the Court may deem just and proper.

Dated: November 14, 2023.                                Respectfully submitted,

HAYNES AND BOONE, LLP

By:   /s/ *William B. Nash*
William B. Nash
Texas Bar No. 14812200
Telephone:  210-978-7477
Fax:  210-554-0484
bill.nash@haynesboone.com
Jason W. Whitney
Texas Bar No. 24066288
Telephone:  210-978-7440
Fax:  210-554-0455
jason.whitney@haynesboone.com
112 E. Pecan St., Suite 1200
San Antonio, Texas 78205

**Attorneys for Plaintiff Katy Elaine, Inc.**